### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| O'NEAL SMITH, III, | ) |
|           Petitioner, | ) |
| vs. | )   NO. CIV-22-0048-HE |
| CARRIE BRIDGES, | ) |
|           Respondent. | ) |

## **ORDER**

Petitioner O'Neal Smith, III, a state prisoner appearing *pro se*, filed this § 2254 habeas petition asserting ten grounds for relief. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Amanda Green for initial proceedings. After reviewing the petition, Judge Green ordered a response from respondent. The response was received, and Judge Green has now issued a Report and Recommendation recommending that the petition be granted based on petitioner's tenth ground for relief — that the trial judge had a sexual relationship with the prosecuting attorney during the period of Mr. Smith's prosecution. Respondent has filed a statement acknowledging that habeas relief, including a new trial, is warranted but requesting clarification of the time frame for conducting the new trial. Petitioner has objected to the Report, which triggers *de novo* review of matters to which objection has been raised.

Petitioner's Objection to the Report [Doc. #27], Brief in support of the petition [Doc. #23], Reply to respondent's response to the petition [Doc. #25] and Motions for leave [Doc. Nos. 21, 24, 28, and 30] all focus on his third ground for relief, that his convictions

for both robbery with a dangerous weapon and assault and battery with a dangerous weapon violated Oklahoma's prohibition on double punishment. 21 Okla. Stat. § 11(A). Petitioner contends that granting him relief based on the judge's relationship with the prosecutor does not negate the need to address his other grounds. He argues that he is entitled to the complete dismissal of the charges against him, rather than only a new trial, based on double jeopardy grounds.

Petitioner raised the double jeopardy argument in his direct appeal to the Oklahoma Court of Criminal Appeals. That court rejected the constitutional claim on the basis that the two crimes of which petitioner was convicted each "requires proof of additional facts which the other does not." Doc. #1-1, p. 8, citing Blockburger v. United States, 284 U.S. 299 (1932). "The AEDPA standard is highly deferential to state-court rulings and demands that state-court decision be given the benefit of the doubt." Grant v. Royal, 886 F.3d 874, 888 (10th Cir. 2018) (quotations and citations omitted). The court concludes that the OCCA's decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. Petitioner is therefore not entitled to habeas relief based on the U.S. Constitution's prohibition of double jeopardy. To the extent petitioner's double jeopardy claims are based on the Oklahoma state constitution or an Oklahoma statute, the OCCA's decision is not subject to federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The Report therefore correctly concluded habeas relief should be conditionally limited to a new trial.

Accordingly, the Report and Recommendation is **ADOPTED**. The petition for habeas relief [Doc. #1] is **GRANTED** as follows: the Writ of Habeas Corpus will issue unless, within **90 days** from the date of this order, the State of Oklahoma commences proceedings to set a new trial date for petitioner or, in the alternative, orders his permanent release from custody.

**IT IS SO ORDERED**.

Dated this 28th day of December, 2022.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE